Birdie Amsterdam, J.
Petitioner moves for an order compelling respondent Motor Vehicle Accident Indemnification Cor *702 poration to accept a claim on behalf of his infant son or, in the alternative, for permission to file a late notice of claim. The application is made under section 608 of the Insurance Law which prescribes the period, during which such affidavit of claim may be filed, after 90 days from the commencement of the applicable period. The statute provides that application may be made to the court for leave to file the affidavit after 90 days and the court may in its discretion grant such leave where the qualified person is an infant or is mentally or physically incapacitated and by reason of such disability is prevented from filing the affidavit. Such application however must be made within one year from the beginning of the applicable period for filing the affidavit.
The infant herein was involved in an accident which occurred on June 20, 1965. He was and still is 14 years of age. At the time of the accident his father was in Puerto Rico, although he returned to New York three days thereafter. The driver of the automobile which struck the infant stopped, got out, looked at the boy, re-entered his automobile and drove off. No one stopped him or took his license number. However, a police report was immediately made and the boy was taken to Bellevue Hospital where he was hospitalized from June 20, 1965 to July 5, 1965. He sustained a fractured left arm, renal contusion, ruptured spleen, contusion of kidney and multiple abrasions, lacerations and contusions, including nausea and vomitting. The father received a hospital bill of $731.25. He avers that neither he nor his wife reads or writes English, that inquiries of people respecting the accident were fruitless and that he did not know of his son’s legal rights until some time in November of 1965 when he first contacted a lawyer. Upon being apprised of the law in such cases provided he immediately filed a claim on behalf of his - son with the MVAIC.
It is respondent’s contention that mere infancy is insufficient to warrant granting the relief herein and that the failure to timely file the required notice herein was not a delay occasioned “by reason of” infancy. Respondent cites Clarke v. MV AIC (N. Y. L. J., Nov. 29,1965, p. 17, col. 3 [Sup. Ct., Kings County]). Said case, however, involved an 18-year-old infant and I find the facts there distinguishable and inapposite to those at bar. We are concerned here with a child of 14 years. In the absence of reported cases dispositive of the issue now presented, respondent’s position is, in the last analysis, merely argumentative.
In my view it cannot be said that an infant 14 years of age has the mental capacity to proceed in his own behalf to initiate necessary procedures to effectuate proper compliance with the *703 technical requirements and limitations of section 608 of the Insurance Law. On the facts herein presented, I am constrained to grant this application in light of the infant’s age, and, perforce, his disability and inability thereby to take steps on behalf of himself to meet and comply with the required statutory provisions of which neither he nor his illiterate parents were knowable. In Matter of Gibson v. MV AIC (23 A D 2d 562) the court excused, as a matter of law, failure to file on behalf of a 4-year-old child, within 90 days after an accident, despite the fact that an attorney had been retained within such period and he failed to file the notice. In Matter of Frey v. MV AIC (11 A D 2d 693) it was held that the short delay (17 days after the expiration of the statutory 90-day period) might reasonably be attributed to infancy.
While it has been held that section 608 of the Insurance Law creates statutory rights unknown at common law and therefore must be strictly construed, it has also been held that failure to file within the 90 days is not an absolute bar to a claim, for subdivision (c) of section 608 provides “ a court of competent jurisdiction, in its discretion, may upon like proof grant leave to file the affidavit within a reasonable time of the expiration of the above mentioned applicable period.” (Matter of Lavin v. MV AIC, 23 Misc 2d 126.)
It is interesting to note that in 1963 the time within which such application to the court was required to be made was enlarged from 120 days to one year (L. 1963, ch. 943, eft. Sept. 1, 1963). Liberalization of the statute was thereby intended to alleviate the onerous shorter limitation period of 120 days theretofore required. While section 608 of the Insurance Law appears to be very similar to section 50-e of the General Municipal Law, which has been strictly construed by our courts, there are significant differences. The possibility of stale claims which exists under section 50-e is vitiated under this statute by the requirement of an early filing of an accident report with the police within 24 hours. Moreover, this statute is not designed to protect a municipality and therefore it need not be construed as strictly as section 50-e. (Matter of Lavin v. MV AIC, supra.)
If the infant herein is entitled to the benefits of section 608 of the Insurance Law, it seems to me that in a proper exercise of discretion he should be permitted to file his claim herein. The accident occurred on June 20, 1965. The statute gave him 90 days or until September 20, 1965 to file. Under the circumstances shown, the infant, through his father, filed his claim on November 26, 1965, upon learning the true situation of his rights under the Insurance Law. Therefore the delay totalled *704 only two months after the expiration date of the 90-day period. The present motion is made well within the one-year period within which such application must be made to the court. The respondent has shown no prejudice occasioned to it by the delay herein. (Matter of Lavin v. MV AIC, supra; Matter of Frey v. MV AIC, supra.)
The motion is granted and respondent is directed to accept the claim of the infant herein.